**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JAE HONG OH, | ) | Case No. 21-11415-BFK |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |

**MEMORANDUM OPINION AND**
**ORDER GRANTING TRUSTEE'S**
**MOTION TO DISMISS**

This matter comes before the Court on the Chapter 13 Trustee's Motion to Dismiss and Objection to Confirmation of the Debtor's Third Amended Plan. (Docket Nos. 22, 54). Creditor Rubia Lee filed a Joinder to the Trustee's Motion to Dismiss and an Objection to Confirmation of the Debtor's Third Amended Plan. (Docket Nos. 32, 56). The Debtor filed an Opposition to the Motion to Dismiss, an Amended Opposition, and Responses to the Trustee's and Rubia Lee's Objections to Confirmation. (Docket Nos. 28, 29, 40, 55, 57). The Court heard the evidence and the parties' arguments on January 20 and March 10, 2022.

For the reasons stated below, the Court will grant the Trustee's Motion to Dismiss. The Objections to Confirmation are denied as moot.

**Findings of Fact**

The Court, having heard the evidence, makes the following findings of fact.

*A. The Debtor and his Wife.*

1.      The Debtor, Jae Hong Oh ("The Debtor," or "Mr. Oh") is an individual residing in Fairfax, Virginia. He is married, but his spouse has not filed for bankruptcy protection.

2.      The Debtor's wife is retired. She has approximately $1,764.00 in monthly Social

Security income and approximately $1,060.00 per month from a pension from her employer. TR

Ex. 1 (Docket No. 59).

3.      The Debtor and his wife rent their home. They each pay 50% of the monthly rent

($1,250.00 each). Schedule J ¶ 24 (Docket No. 48).

4.      The Debtor purchased a new car in 2020, using his wife's credit; that is, his wife is

obligated on a car loan for a vehicle that he drives exclusively. Mr. Oh testified that he makes the

car payments on this loan.

5.      The Debtor testified that he generally does all the grocery shopping. He pays for

the groceries either in cash or with his own debit card. His wife regularly consumes the groceries

that he buys unless she wants to purchase specialty items for herself.

6.      The Debtor's wife generally pays the utilities for the home, but according to Mr.

Oh, "sometimes [they] share the bills."

7.      The Debtor and his wife have filed separate tax returns since at least 2011. DR's

Resp. to TR's Obj., Ex. 2, at 1 (Docket No. 55).

8.      The Debtor and his wife do not maintain any joint bank accounts or credit cards.

9.      The Debtor currently has three jobs. First, he is an administrator with Washington

Jabez University. Schedule I ¶ 1 (Docket No. 48). In August 2021, the University paid the Debtor

$2,500.00. Schedule I ¶ 13 (Docket No. 48). He has not received any income from the University

since then. Schedule I ¶ 13 (Docket No. 48). He has been advised that the University, which

currently has 15 students, needs to enroll 150 students before it can afford to pay him. Schedule I

¶ 13 (Docket No. 48). They have promised him $8,000.00 per year (or $666.66 per month), but

this is highly speculative at this point. Schedule I ¶ 13 (Docket No. 48).

10.    Second, the Debtor has income from tutoring. This amount varies by month, but the Debtor submits that he earned $3,000.00 in December 2021 and $5,000.00 in February 2022. DR's Resp. to CR's Obj., Ex. 3 (Docket No. 57)

11.    Third, the Debtor receives an average of $1,023.00 per month in income as an Uber driver. DR's Resp. to CR's Obj. ¶ 19 (Docket No. 57).

12.    The Debtor estimates that he would earn approximately $3,000.00 per month in combined income from tutoring and Uber. Schedule I ¶ 13 (Docket No. 48).

*B.  The Debtor's Previous Bankruptcy Case.*

13.    The Debtor received a discharge in a Chapter 7 bankruptcy filed in this Court in 2014. *In re Jae Hong Oh*, 14-10405-RGM.

14.    In that case, the Court held a debt to Rubia Lee ("Ms. Lee"), in the amount of $30,000.00, to be non-dischargeable under Bankruptcy Code Section 523(a). Stipulation of Settlement Agreement, *Lee v. Oh*, Adv. Pro. 16-01187-KHK (Docket No. 12).

*C.  This Bankruptcy Case.*

15.    The Debtor filed a Voluntary Petition under Chapter 13 with this Court on August 12, 2021. (Docket No. 1).

16.     He is a below-median debtor. Form 122C-1 (Docket No. 10).[1]

17.    In his initial Schedule I and his Means Test form, the Debtor did not include his wife's Social Security income or pension income. Schedule I ¶ 1 (Docket No. 10); Form 122C-1 ¶¶ 2-10 (Docket No. 10).

---

[1] Being a below-median debtor has two implications. First, for purposes of his disposable income, the Debtor's expenses are determined by reference to Schedule J, as opposed to Means Test Form 122C-2. 11 U.S.C. §§ 1325(b)(2)-(3). Second, for below-median debtors, the applicable commitment period is three years, unless the Court for cause extends the commitment period for a period of up to five years. 11 U.S.C. § 1322(d)(2).

*D. The Debtor's Four Chapter 13 Plans.*

18.     The Debtor's first Plan would have required him to pay $912.30 to the Trustee for

a period of fifty-five months, for a distribution to the unsecured creditors of 10% on their allowed

claims. Plan ¶¶ 2, 5A (Docket No. 11). The Debtor did not include any of his wife's income on

Schedule I attached to the first Plan. Schedule I ¶ 13 (Docket No. 11) ("Debtor and his wife do not

share financial information and finance. Accordingly, D's wife's income is not listed here."). The

Trustee objected to this Plan and the Court denied confirmation with leave to amend. (Docket Nos.

14, 18).[2]

19.     The Debtor's First Amended Plan would have required him to pay $912.30 for a

period of thirty-eight months (apparently, the Debtor ascertained that a claim filed by the IRS was

not a priority claim), for a distribution to the unsecured creditors of 5% on their claims. First Am.

Plan ¶¶ 2, 5A (Docket No. 20). This Plan also did not include any information on the Debtor's

wife's income, with the same notation in Schedule I as above. Schedule I ¶ 13 (Docket No. 20).

The Trustee objected to this Plan. (Docket No. 21). In response, the Debtor filed a Second

Amended Plan. (Docket No. 27).

20.     On November 17, 2021, the Trustee filed a Motion to Dismiss the case. (Docket

No. 22). Ms. Lee filed a Joinder to the Trustee's Motion on December 20, 2021. (Docket No. 32).

The Debtor filed an Opposition to this Motion on December 8, 2021, and an Amended Opposition

on January 18, 2022. (Docket Nos. 28, 40).

21.     On December 6, 2021, the Debtor filed Amended Schedules I and J. (Docket No.

25). In the Amended Schedules, the Debtor listed his wife's Social Security income ($1,764.00)

---

[2] Mr. Oh's failure to include his wife's Social Security income in his various filings would not be of any consequence because Social Security income is exempted from the definition of disposable income. *See* 11 U.S.C. § 101(10A)(B)(ii)(I); *Mort Ranta v. Gorman*, 721 F.3d 241, 250-53 (4th Cir. 2013). The exclusion of her pension income, on the other hand, makes a difference.

and pension income ($1,060.00), but on Schedule J he deducted the same amounts. Am. Schedule

J ¶ 13 ("Debtor and his wife do not share financial information and finance. Accordingly, wife's

incomes are backed out on Schedule J.")

22.     The Debtor filed a Second Amended Plan on December 8, 2021. (Docket No. 27).

In this Plan, he proposed to pay the Trustee $912.30 per month for thirty-six months, for a

distribution to the unsecured creditors of 8.7% on their claims. Second Am. Plan ¶¶ 2, 5A. The

Schedules attached to the Plan were the same as the Amended Schedules described above,

indicating that the wife's income was "backed out" on Schedule J. Once again, the Trustee

objected, and the Court denied confirmation. (Docket Nos. 37, 44).

23.     On January 22, 2022, the Debtor again filed Amended Schedules I and J (his third

I and J in the case). (Docket No. 46). Once again, the Debtor "backed out" his wife's income.

Second Am. Schedule I ¶ 13 (Docket No. 46). This time, though, the Debtor: (a) reduced his gross

monthly income from Washington Jabez University from $2,500.00 to $666.66 per month, based

on an anticipated salary of $8,000.00 per year; and (b) included income from Uber driving and

tutoring (a combined $3,000.00 per month). Second Am. Schedule I ¶ 13 (Docket No. 46).

24.     The Debtor filed another Amended Plan (his third Amended Plan, for the fourth

Plan in the case) on January 24, 2022. (Docket No. 48). Once again, the Debtor backed out his

wife's income in Schedule I. Schedule I ¶ 13 (Docket No. 48). In this Plan, the Debtor proposed

to pay $912.30 for five months, and $578.96 for thirty-two months, for a total of $23,088.22, and

a distribution to the unsecured creditors of 3.4% on their claims. Third Am. Plan ¶¶ 2, 5A (Docket

No. 48). The Trustee objected to this Amended Plan. (Docket No. 54).

25.     The Court held an evidentiary hearing on confirmation of the Debtor's Third

Amended Plan and the Trustee's Motion to Dismiss on January 20 and March 10, 2022.

**Conclusions of Law**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of

Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core

proceeding under 28 U.S.C. §§ 157(b)(2)(A) (matters concerning administration of the estate), and

(L) (confirmations of plans).

The Trustee objects to confirmation of the Debtor's Third Amended Plan for lack of good

faith, owing to the Debtor's failure to include his spouse's income in his disposable income

calculations. (Docket No. 54). The Trustee raised similar objections in his previous Objections to

Confirmation. (Docket Nos. 14, 21, 37). The Debtor maintains that he and his wife do not share

financial information with one another. DR's Resp. to TR's Obj. at (Docket No. 55). The Trustee

also moves to dismiss pursuant to 11 U.S.C. § 1307(c)(1) due to the Debtor's repeated failures to

propose a confirmable plan. (Docket No. 22). The Court will address these arguments in turn.

**I.     The Debtor and His Wife Are an Economic Unit.**

The Debtor argues that he and his wife's finances are so separate that they should not be

considered a single economic unit. He argues, therefore, that her non-exempt pension income

should be excluded from the calculation of his disposable income. The Fourth Circuit addressed

the issue of household size for purposes of determining a Chapter 13 debtor's disposable income

in *Johnson v. Zimmer*, 686 F.3d 224 (4th Cir. 2012). In *Johnson*, the Fourth Circuit adopted an

"economic unit" approach to household size. Under this approach,

> a debtor's "household" would include individuals who operate as an "economic
> unit" with the debtor: those the debtor financially supports and those who
> financially support the debtor. In other words, those whose income and expenses
> are interdependent with the debtor's are part of his or her "household" for purposes
> of § 1325(b).

*Id.* at 237.

*Johnson* was an "expense side" case, that is a case involving the extent to which the debtor may deduct certain expenses for purposes of determining his or her disposable income. This is an "income side" case, where the Court must decide whether to include the non-filing spouse's income for disposable income purposes. The Fourth Circuit recognized in *Johnson* that the determination of household size is relevant both for determining household income and for the allowances of expenses. *Id*. at 237-38 ("The extent to which that household member increases the debtor's 'current monthly income' due to financial contributions set forth under § 101(10A) or increases the debtor's 'amounts reasonably necessary to be expended' under § 1325(b)(2) would then be determined according to each provision.").

In this case, the Debtor and his wife are operating as an economic unit. They each pay one-half of the rent for their home. The Debtor pays for virtually all of the groceries, which they both consume. They sometimes split the bills for utilities. Further, the Debtor purchased a car, which he uses exclusively, using his wife's credit. The Debtor emphasizes that he and his spouse file separate tax returns, but the Fourth Circuit held in *Johnson* that relying on tax return status for purposes of ascertaining a debtor's disposable income may be under-inclusive, thus misrepresenting a debtor's ability to pay. *Id.* at 238-40.

Congress has made a policy decision to treat a non-filing spouse's income as relevant for purposes of Chapter 13, to the extent that the non-debtor spouse's income is contributed to pay joint debts or to support the household. *See* 11 U.S.C. § 101(10A)(B)(i) (current monthly income "includes any amount paid by any entity other than the debtor (or in a joint case the debtor and the debtor's spouse), on a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependent)"). Congress has recognized that, like the Debtor and his spouse in this case, married couples are typically

7

"financially interdependent" – even if only one spouse has sought bankruptcy protection. *See Johnson*, 686 F.3d at 236-38, 242. The Debtor's wife's payment of one-half of the rent would not be excludable under the marital deduction.

Moreover, Congress has recognized that, in almost all Chapter 13 cases, the non-debtor spouse benefits from the imposition of the automatic stay when the case is filed, thereby forestalling a foreclosure on the debtor and the non-debtor's property. Here, the Debtor's wife is benefitted by his ability to continue to contribute to the payment of the rent, groceries, and other household expenses, without the interference of a garnishment from his creditors (notably, Ms. Lee).

The Court concludes that the Debtor and his wife are an economic unit, and the Debtor has improperly attempted to exclude all of his wife's non-exempt income from the Means Test.

## II.      There is Cause to Dismiss this Case.

Bankruptcy Code Section 1307(c)(1) provides that the Court may dismiss or convert a case for "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307(c)(1). This case has been pending since August 12, 2021, nearly eight months now. The Debtor has proposed four Chapter 13 Plans, none of which were confirmable. The Debtor's initial Means Test and his first two Plans did not disclose his wife's non-exempt pension income. The Second and Third Amended Plans disclosed her income but then subtracted the income on Schedule J. The Debtor's spouse's pension income of $1,060.00 per month would have amounted to an additional $38,160.00 in a 36-month plan, substantially more than the entire $23,088.22 in funding for his Third Amended Plan. Even assuming that the Debtor and his spouse would have been entitled to some marital deductions (and it is not clear how any marital deductions would be allocated between her exempt Social Security income and her non-exempt pension income), there can be no

8

dispute that her non-exempt pension income would have added significantly to the Debtor's Plan in this case.[3]

The Court concludes that, after eight months in Chapter 13, with four Plans having been filed, and with the Debtor still taking pains to exclude *all* of his spouse's non-exempt income, even income that obviously pays for shared household expenses, there has been unreasonable delay that is prejudicial to the creditors. The Court, therefore, will grant the Trustee's Motion to Dismiss.

### Conclusion

It is therefore **ORDERED**:

1. The Trustee's Motion to Dismiss (Docket No. 22) is granted and the case is dismissed.

2. The Trustee's Objection to Confirmation (Docket No. 54) is denied as moot.

3. The Clerk will mail copies of this Memorandum Opinion and Order, or will provide CM/ECF notice of its entry, to the parties below.

Date: Apr 1 2022

Alexandria, Virginia

/s/ Brian F Kenney

The Honorable Brian F. Kenney
United States Bankruptcy Judge
Entered On Docket:April 1, 2022

---

[3] The $666.66 in income from Jabez University is speculative and unsupportable. The Court, however, accepts the Debtor's testimony that his tutoring income and Uber driving make up for the lack of income from the University.

Copies to:

Jae Hong Oh                                     Weon Geun Kim, Esquire
11583 Laurel Lake Sq                            8200 Greensboro Drive, Suite 900
Fairfax, VA 22030                               McLean, VA 22102
*Chapter 13 Debtor*                             *Counsel for the Debtor*

Bhavik D. Patel, Esquire
10500 Sager Avenue, Suite F
Fairfax, VA 22030
*Counsel for Rubia Lee*

Thomas P. Gorman, Esquire
300 N. Washington St. Ste. 400
Alexandria, VA 22314
*Chapter 13 Trustee*